Kevin McCulloch (KM0530)
Nathaniel Kleinman (NK3168)
The McCulloch Law Firm, PLLC
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (646) 308-1178

*Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAURA DWIGHT,<br><br>    *Plaintiff*,<br><br>    v.<br><br>JOHN WILEY & SONS, INC.; JOHN WILEY & SONS INTERNATIONAL RIGHTS, INC.; JOHN WILEY & SONS CANADA, LTD.; WILEY PUBLISHING CANADA; JOHN WILEY & SONS, AUSTRALIA, LTD.; WILEY PUBLISHING AUSTRALIA PTY LTD.; WILEY INDIA PVT., LTD.; JOHN WILEY & SONS (HK) LTD.; JOHN WILEY & SONS (ASIA) PTE., LTD.; WILEY & SONS (UK); ION PUBLISHING GROUP; LTC- LIVROS TECNICOS E CIENTIFICOS EDITORA, LTDA.; PSYCHOLOGIE VERLAG UNION; EDITORIAL ARIEL, S.A.; UEGEN, EDITURA POLIROM; SIMONA KESSLER INTERNATIONAL COPYRIGHT AGENCY, LTD; ERNST REINHARDT VERLAG; SKOLSKA KNJIGA D.D.; CHOUNGANG JUKSUNG PUBLISHER; PRENADA MEDIA GROUP; RAFFAELLO CORTINA EDITORE; EDITORIAL EL MANUAL MODERNO, S.A. DE C.V.; GEORGE & COSTAS DARDANOS PUBLISHING GROUP OE; JAGIELLONIAN UNIVERSITY - JAGIELLONIAN UNIVERSITY PRESS; PT SALEMA EMBAN PATRIA,<br><br>    *Defendants*. | Case No.<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

1

Plaintiff LAURA DWIGHT ("Plaintiff"), by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, hereby demands a trial by jury of all claims and issues so triable, and for her Complaint against Defendants JOHN WILEY & SONS, INC. ("Wiley" or "Defendant"); JOHN WILEY & SONS INTERNATIONAL RIGHTS, INC.; JOHN WILEY & SONS CANADA, LTD.; WILEY PUBLISHING CANADA; JOHN WILEY & SONS, AUSTRALIA, LTD.; and WILEY PUBLISHING AUSTRALIA PTY LTD.; WILEY INDIA PVT., LTD.; JOHN WILEY & SONS (HK) LTD.; JOHN WILEY & SONS (ASIA) PTE., LTD.; WILEY & SONS (UK) (collectively "Wiley Subsidiaries") and Defendants ION PUBLISHING GROUP; LTC-LIVROS TECNICOS E CIENTIFICOS EDITORA, LTDA.; PSYCHOLOGIE VERLAG UNION; EDITORIAL ARIEL, S.A.; UEGEN; EDITURA POLIROM; SIMONA KESSLER INTERNATIONAL COPYRIGHT AGENCY, LTD; ERNST REINHARDT VERLAG; SKOLSKA KNJIGA D.D.; CHOUNGANG JUKSUNG PUBLISHER; PRENADA MEDIA GROUP; RAFFAELLO CORTINA EDITORE; EDITORIAL EL MANUAL MODERNO, S.A. DE C.V; GEORGE & COSTAS DARDANOS PUBLISHING GROUP OE; JAGIELLONIAN UNIVERSITY - JAGIELLONIAN UNIVERSITY PRESS; PT SALEMA EMBAN PATRIA, (collectively "Foreign Publishers") hereby asserts and alleges as follows:

## NATURE OF THE ACTION AND RELIEF SOUGHT

1. This is an action for copyright infringement and related claims brought against Defendants by Plaintiff, the owner of copyrights to numerous photographs that were published by Defendants in textbooks and other publications, for unauthorized and infringing uses of Plaintiff's photographs.

## THE PARTIES

2. Plaintiff Laura Dwight ("Dwight") is a resident of the State of New York.

3. Plaintiff is a professional photographer who makes her living by creating and licensing photographs.

### *Wiley Subsidiaries*

4. Defendant John Wiley & Sons, Inc. ("Wiley") is a New York corporation having its principal place of business at 111 River Street, Hoboken, New Jersey.

5. Upon information and belief, Defendant John Wiley & Sons International Rights, Inc., a Delaware corporation, is a wholly-owned subsidiary of Wiley with its primary place of business in Hoboken, New Jersey.

6. Upon information and belief, Defendant John Wiley & Sons Canada, Ltd., is a Canadian corporation and wholly-owned subsidiary of Wiley with its principal office located at 90 Eglinton Avenue E, Suite 300, Toronto, Ontario, Canada.

7. Upon information and belief, Defendant Wiley Publishing Canada is a Canadian corporation and wholly-owned subsidiary of Wiley with its primary place of business in Toronto, Ontario. For ease of reference, Defendants Wiley Publishing Canada and John Wiley & Sons Canada, Ltd. shall collectively be referred to herein as "the Wiley Canada Defendants."

8. Upon information and belief, Defendant John Wiley & Sons Australia, Ltd., is an Australian corporation with its principal office located at 42 McDougall Street, Milton, Queensland, Australia.

9. Upon information and belief, Defendant Wiley Publishing Australia Pty Ltd. is an Australian proprietary limited company with its primary place of business in Queensland, Australia. For ease of reference, Defendants Wiley Publishing Australia Pty Ltd. and John

3

Wiley & Sons Australia, Ltd. shall be collectively referred to herein as "the Wiley Australia Defendants."

10. Upon information and belief, Defendant Wiley India Pvt. Ltd., is an Indian corporation with its principal office located at 4435/7, Ansari Road, Daryaganj, New Delhi 110002, India.

11. Upon information and belief, Defendant Wiley India Pvt. Ltd., is an Indian corporation and wholly-owned subsidiary of Wiley.

12. Upon information and belief, Defendant John Wiley & Sons (HK) Ltd., is a Hong Kong Chinese corporation with its principal office located at Level 28, Three Pacific Place, 1 Queen's Road East, Hong Kong 0000000, Hong Kong.

13. Upon information and belief, Defendant John Wiley & Sons (HK) Ltd., is a wholly-owned subsidiary of Wiley.

14. Upon information and belief, Defendant John Wiley & Sons (Asia) Pte., Ltd. is a Singaporean corporation with its principal office located at 2, Clementi Loop #02-01, Singapore 129809, Singapore.

15. Upon information and belief, Defendant John Wiley & Sons (Asia) Pte., Ltd. is a wholly-owned subsidiary of Wiley.

16. Upon information and belief, Defendant John Wiley & Sons (UK), Ltd. is a UK corporation with its principal office located at The Atrium, Souther Gate, Chichester PO19 8SQ, United Kingdom.

17. Upon information and belief, Defendant John Wiley & Sons (UK), Ltd. is a wholly-owned subsidiary of Wiley.

*Foreign Publishers*

18. Upon information and belief, Defendant Ion Publishing Group is a Greek corporation with its principal office located at Sybligadon 7, Peristeri, Athens 12131, Greece.

19. Upon information and belief, Defendant LTC-Livros Tecnicos E Cientificos Editora, Ltda. is a Brazilian corporation with its principal office located at Travessa do Ouvidor, 11 6th anda, Rio de Janeiro, RJ 20040-040 Brazil.

20. Upon information and belief, Defendant Psychologie Verlag Union is a German corporation with its principal office located at Wederstrasse, 10, Weinheim 69469, Germany.

21. Upon information and belief, Defendant Editorial Ariel, S.A. is a Spanish corporation with its principal office located at Avda. Diagonal 662-662, Barcelona 8034, Spain.

22. Upon information and belief, Defendant Uegen, is an Albanian corporation with its principal office located at Rruga "Vaso Pasha" P. Gratari, Kati III, Tirana., Albania.

23. Upon information and belief, Defendant Editura Polirom is a Romanian corporation doing business through Simona Kessler International Copyright Agency, Ltd., with its principal office located at Str. Banul Antonache 37, Bucharest 1 011663, Romania.

24. Upon information and belief, Defendant Ernst Reinhardt Verlag is a German corporation with its principal office located at Kemnatenstrasse, 46, Munich 80639. Germany.

25. Upon information and belief, Defendant Skolska knjiga d.d. is a Croatian corporation with its principal office located at Masarykova 28, 10000 Zagreb, Hrvatska, Croatia.

26. Upon information and belief, Defendant ChoungAng Juksung Publisher is a Korean corporation with its principal office located at 771-31 Guro4-dong Guro-gu, Seoul 152-873, South Korea.

27. Upon information and belief, Defendant Prenada Media Group is an Indonesian corporation with its principal office located at Jl. Lele 1 No. 7, Rawamangun, Jakarta Timur 13220, Indonesia.

28. Upon information and belief, Defendant Raffaello Cortina Editore is an Italian corporation with its principal office located at Via Rossini 4, Milan 20122, Italy

29. Upon information and belief, Defendant Editorial El Manual Moderno, S.A. de C.V. is a Mexican corporation with its principal office located at Av. Sonora, 206-201, Col. Hipodromo, Mexico, D.F. 06100, Mexico.

30. Upon information and belief, Defendant George & Costas Dardanos Publishing Group OE is a Greek corporation with its principal office located at 37, Didotou Street, Athens 10680, Greece.

31. Upon information and belief, Defendant Jagiellonian University - Jagiellonian University Press is a Polish corporation with its principal office located at ul. Michalowskiego 9/2, 31-126 Krakow, Poland.

32. Upon information and belief, Defendant PT Salemba Emban Patria is an Indonesian corporation with its principal office located at Jl. Raya Lenteng Agung Barat 101, Jagakarsa, Jakarta Selatan 12610, Indonesia.

33. All Defendants are publishing companies specializing in creating educational textbooks and other similar materials and publications.

34. Plaintiff is the holder of copyrights to numerous photographs that Defendants published in various publications.

## JURISDICTION AND VENUE

35. Jurisdiction for Plaintiff's claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

36. Venue is proper in this Court under 28 U.S.C. §§ 1391(a) and (b) because Defendant Wiley conducts substantial business within the State of New York, infringed Plaintiff's copyrights within the State of New York, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the State of New York; and under 28 U.S.C. § 1400(a) since the alleged misconduct by Defendants occurred in this District and/or because Defendants may be found in this District.

37. This Court has personal jurisdiction over Wiley because it conducts substantial business in the State of New York; infringed Plaintiff's copyrights in the State of New York as described herein; purposely targeted its activities to and systematically transacted, conducted, and solicited business in this District; and Wiley has consented to this Court's jurisdiction over it in identical actions by other copyright owners.

38. This Court has personal jurisdiction over the Wiley Subsidiaries because they conduct substantial business in the State of New York through their parent corporation, Wiley.

39. This Court also has personal jurisdiction over the Wiley Subsidiaries because they infringed Plaintiff's copyrights in the State of New York, including by obtaining unauthorized copies of Plaintiff's copyrighted images from Defendant Wiley.

40. This Court also has personal jurisdiction over the Wiley Subsidiaries because, upon information and belief, they carried out the infringements alleged herein on behalf of

and/or in concert with Defendant Wiley, including by publishing and/or distributing publications on behalf of, in concert with, and with due to the encouragement of Defendant Wiley.

41. The infringing conduct committed by the Wiley Subsidiaries also has substantial ties to New York in that, upon information and belief, each alleged infringement was made possible and enabled by a distribution or translation agreement with Defendant Wiley.

42. Upon information and belief, Defendant Wiley also monitored and/or oversaw the production, publishing, and sales of the infringing publications from New York and the Wiley Subsidiaries paid royalties to Defendant Wiley in New York.

43. Upon information and belief, the Wiley Subsidiaries also copied and published numerous photographs in the infringing publications identified herein that were originally obtained from New York residents and corporations, including stock photo licensors such as Corbis Corporation and The Image Works, Inc., both which are New York companies.

44. By these actions, the Wiley Subsidiaries purposely targeted their activities to and systematically transacted, conducted, and solicited business in this District both individually and through and on behalf of their parent corporation, Wiley.

45. This Court has personal jurisdiction over the Foreign Publishers because they conduct substantial business in the State of New York.

46. This Court also has personal jurisdiction over the Foreign Publishers because they infringed Plaintiff's copyrights in the State of New York, including by obtaining unauthorized copies of Plaintiff's copyrighted images from Defendant Wiley and by selling and distributing the infringing publications in New York.

47. This Court also has personal jurisdiction over the Foreign Publishers because, upon information and belief, they carried out the infringements alleged herein on behalf of

and/or in concert with Defendant Wiley, including by publishing and/or distributing publications on behalf of, in concert with, and with due to the encouragement of Defendant Wiley.

48. The infringing conduct committed by the Foreign Publishers also has substantial ties to New York in that, upon information and belief, each alleged infringement was made possible and enabled by a distribution or translation agreement with Defendant Wiley.

49. Upon information and belief, Defendant Wiley also monitored and/or oversaw the production, publishing, and sales of the infringing publications from New York and the Foreign Publishers paid royalties to Defendant Wiley in New York.

50. Upon information and belief, the Foreign Publishers also copied and published numerous photographs in the infringing publications identified herein that were originally obtained from New York residents and corporations, including stock photo licensors such as Corbis Corporation and The Image Works.

51. By these actions, the Foreign Publishers purposely targeted their activities to and systematically transacted, conducted, and solicited business in this District.

## FACTUAL ALLEGATIONS

52. Plaintiff owns the copyrights in and to the photographs identified in Exhibit 1 which are at issue here.

53. Plaintiff has registered her copyrights in the photographs identified in Exhibit 1.

54. The Defendants infringed Plaintiff's copyrights in the photographs identified in Exhibit 1 by copying, publishing, distributing, and otherwise exploiting Plaintiff's photographs in the publications identified in Exhibit 1 without permission or license.

55. In any case where a Defendant obtained an alleged license to use Plaintiff's photographs, Defendants violated the license limitation by (i) publishing Plaintiff's works in

9

electronic, ancillary, or derivative publications without permission; (ii) publishing Plaintiff's works in foreign editions of publications without permission; (iii) distributing publications outside the authorized geographic distribution area; (iv) distributing copies of Plaintiff's photographs to third-party publishers with the knowledge and intent that the third-party publisher would include the photographs in foreign editions or translations without having obtained such permission in any alleged license; and/or (v) reusing Plaintiff's works in subsequent or different editions of any publication allegedly authorized under a license without obtaining the necessary additional permission.

### *Wiley Subsidiaries*

30. Upon information and belief, the Wiley Subsidiaries are wholly-owned foreign subsidiaries of Defendant Wiley and operate under its authority.

31. Upon information and belief, the Wiley Subsidiaries maintain a substantial and continuing relationship with Defendant Wiley, their parent corporation.

32. Defendant Wiley's foreign subsidiaries act as Wiley's "alter egos" for purposes of extending its distribution network outside of the United States.

33. Upon information and belief, the Wiley Subsidiaries must obtain Wiley's permission to print foreign editions and adaptations of its textbooks.

34. Upon information and belief, Defendant Wiley authorizes its foreign subsidiaries to print foreign editions and textbook adaptations through "intercompany adaptation" agreements.

35. Upon information and belief, Defendant Wiley receives ongoing royalty payments from its foreign subsidiaries for sales of foreign editions and adaptations.

36. Upon information and belief, Defendant Wiley tracks the sales, production, and publication status of its foreign editions through its internal databases.

37. Upon information and belief, Defendant Wiley refers to its foreign subsidiaries, including the Wiley Canada and Wiley Australia Defendants, as "distribution centers" for "outsourcing" the distribution of books it sells in those markets.

### *Foreign Publishers*

38. Upon information and belief, the Foreign Publishers must obtain Wiley's permission to print foreign editions and adaptations of its textbooks.

39. Upon information and belief, Defendant Wiley authorizes Foreign Publishers to print foreign translation editions and textbook adaptations through "Foreign Language License" agreements.

40. Upon information and belief, Defendant Wiley receives ongoing royalty payments from the Foreign Publishers for sales of foreign editions and adaptations.

41. Upon information and belief, Defendant Wiley tracks the sales, production, and publication status of its foreign editions through its internal databases.

### *Foreign Infringements*

42. Defendant Wiley entered into foreign adaptation agreements with the Wiley Subsidiaries and Foreign Publishers for publications at issue in this action.

43. Upon information and belief, Defendant Wiley provided the Wiley Subsidiaries and Foreign Publishers with access to and/or copies of Plaintiff's photos with the knowledge and intent that these companies would include Plaintiff's photographs in foreign editions or translations of Wiley's publications without having obtained permission or a license to do so.

44. Defendant Wiley was never authorized to provide access to or copies of Plaintiff's photos to third-party publishers or to sublicense its usage rights to third-party publishers or to copy or publish (or cause to be copied or published) in foreign editions or translations of the publications identified in Exhibit 1.

45. Upon information and belief, the Wiley Subsidiaries and Foreign Publishers published Plaintiff's photos in foreign editions and adaptations of the textbooks at issue in this action as set forth in Exhibit 1.

46. Upon information and belief, Defendant Wiley never informed the Wiley Subsidiaries and Foreign Publishers which photos it did not have permission to sublicense and/or distribute abroad.

47. Upon information and belief, Defendant Wiley did not provide copies of any alleged licenses to use Plaintiff's photos to the Wiley Subsidiaries and Foreign Publishers or provided them with the information necessary to seek additional licensing rights.

48. The Wiley Subsidiaries and Foreign Publishers were never authorized to copy or publish Plaintiff's photos in any respect.

## COUNT I
## COPYRIGHT INFRINGEMENT

49. Plaintiff repeats and re-alleges each allegation set forth in all paragraphs above as if set forth fully herein.

50. Plaintiff is the owner of all copyrights in and to the photos identified in Exhibit 1.

51. Plaintiff asserts copyright infringement claims against Defendants related to the photos identified in Exhibit 1.

52. Plaintiff registered her copyrights with the U.S. Copyright Office.

53. As alleged herein, Defendants copied, used, published, distributed, and/or exploited Plaintiff's creative works without a license and/or in excess of any alleged permission as set forth herein.

54. Defendants violated Plaintiff's copyrights by distributing publications in regions or territories without a license and/or in excess of any alleged permission.

55. Defendants violated Plaintiff's copyrights by publishing Plaintiff's photos in component or ancillary publications without a license and/or in excess of any alleged permission.

56. Defendants violated Plaintiff's copyrights by republishing her photos in subsequent editions or different books without a license and/or in excess of any alleged permission.

57. Defendants' use of Plaintiff's photographs in the absence and/or in excess of

58. any alleged permission infringes Plaintiff's copyrights.

59. Defendant Wiley is liable for the infringements committed by the Wiley Subsidiaries and Foreign Publishers as a joint tortfeasor.

60. Defendants' unauthorized use of Plaintiff's copyrighted images was willful.

61. Defendant Wiley's efforts to conceal or ratify its unauthorized use of Plaintiff's creative works demonstrate that it was fully aware that its use was unauthorized and infringing and that its misconduct was intentional, willful, reckless, and/or malicious.

62. Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendants' profits attributable to the infringing use of Plaintiff's creative works, and the damages suffered as a result of the lack of compensation, credit, and attribution. Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

## COUNT II
### VICARIOUS and/or CONTRIBUTORY COPYRIGHT INFRINGEMENT
### AGAINST DEFENDANT WILEY

63. Plaintiff repeats and re-alleges each of the above allegations as if set forth fully herein.

64. Upon information and belief, Defendant Wiley permitted, allowed, caused, encouraged, enabled, and materially contributed to the infringements committed by the Wiley Subsidiaries and Foreign Publishers, including by providing them with access to and/or copies of Plaintiff's photos with the knowledge and intent that these companies would include Plaintiff's photographs in foreign editions or translations of Wiley's publications.

65. Upon information and belief, the Wiley Subsidiaries and Foreign Publishers carried out the infringements alleged herein on behalf of and/or in concert with Defendant Wiley as alleged herein.

66. Upon information and belief, Defendant Wiley monitored and/or oversaw the production, publishing, and sales of the infringing publications committed by the Wiley Subsidiaries and Foreign Publishers and these companies paid royalties to Defendant Wiley

67. Defendant Wiley was aware or should have been aware of the infringement of Plaintiff's photos by the Wiley Subsidiaries and Foreign Publishers.

68. Defendant Wiley has the right and ability to supervise and control the Wiley Subsidiaries and Foreign Publishers, including by not entering into intercompany adaptation agreements or foreign language license agreements and/or not providing access to or copies of Plaintiff's photos to these companies.

69. Defendant Wiley failed to take adequate steps in order to ensure that the Wiley Subsidiaries and Foreign Publishers did not infringe Plaintiff's copyrights, including by failing to

provide these companies with the information and means necessary to purchase necessary licenses to use Plaintiff's photos.

70. Defendant Wiley materially contributed to and induced the infringement of Plaintiff's photos by the Wiley Subsidiaries and Foreign Publishers Defendants by affirmatively entering into foreign adaptation agreements with these entities and providing them with access to and/or copies of Plaintiff's photos.

71. Defendant Wiley received a direct financial benefit from the infringement of Plaintiff's photos by the Wiley Subsidiaries and Foreign Publishers, including through royalty payments.

72. Defendant Wiley's misconduct was willful, intentional, and/or reckless.

73. Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, lost licensing fees, and Defendants' profits attributable to the infringements.

74. Plaintiff also seeks all attorneys' fees and any other costs incurred in litigating this matter.

**WHEREFORE,** Plaintiff respectfully prays for judgment on her behalf and for the following relief:

1. A preliminary and permanent injunction against Defendants precluding Defendants from copying, displaying, distributing, advertising, promoting, and/or selling the infringing publications identified herein, and requiring Defendants to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's photographs and all copies of the infringing materials described in this complaint, that are in the control or possession or custody of Defendants;

2. All allowable damages under the Copyright Act, including but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue, Defendants' lack of attribution, and Defendants' profits attributable to infringement;

3. Plaintiff's full costs, including litigation expenses, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

4. Any other relief authorized by law, including punitive and/or exemplary damages; and

5. A declaration of her rights as owner of copyrights to photographs published by Defendants to know the full and complete scope of their use of her creative works;

6. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Dated April 19, 2016
New York, New York.

                                                                  Respectfully submitted,

By: _____
       Kevin McCulloch (KM0530)
       Nathaniel Kleinman (NK3168)
       The McCulloch Law Firm, PLLC
       155 East 56th Street
       New York, New York 10022
       T: (212) 907-6677
       F: (646) 308-1178

       *Attorneys for Plaintiff*